Ronald Wilcox, Esq., 176601
1900 Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

O. Randolph Bragg, *pro hac vice*
Horwitz, Horwitz & Associates
25 E Washington St., Ste 900
Chicago, IL 60602
(312)372-8822 telephone

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| LANCE GITTIN, on behalf of himself and all others similarly situated<br>    Plaintiffs,<br><br>v.<br><br>KCI USA, INC.,<br>    Defendant | Civil Action No. 5:09-cv-05843-RS<br><br>**CLASS SETTLEMENT AGREEMENT**<br><br>**Judge: Honorable Richard Seeborg** |

### RECITALS

1. **Parties.** The parties to this Class Settlement Agreement ("Agreement") are Plaintiff Lance Gittin ("Mr. Gittin"), individually and on behalf of the class of persons defined in Paragraph 9 below, ("Class"), and Defendant KCI USA, Inc. ("KCI").

719542.1

2. **Nature of the Litigation.** Mr. Gittin, individually and on behalf of a class, filed the above captioned action in the United States District Court for the Northern District of California, entitled *Gittin, on behalf of himself and all others similarly situated, v. KCI USA, Inc.*, as Case No. C09-05843 RS (the "Litigation"). The Litigation relates to the Defendant's use of collection letters in the form of Exhibit 1 to the Complaint, which allegedly violate the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code 1788 *et seq.* ("RFDCPA").

3. **Denial of Liability.** KCI denies liability to Mr. Gittin and the Class for the claims alleged, but considers it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or could have been asserted by Mr. Gittin or the Class against the Released Parties, as defined below.

4. **Plaintiff's Assent to Settlement.** Although believing that Defendant is liable for its conduct as alleged in the Class Action Complaint, Mr. Gittin individually and on behalf of the Class desires to settle the Litigation upon the terms and conditions set forth in the Agreement. Mr. Gittin, individually and on behalf of the Class, desires to settle the claims against KCI having taken into account the risks, delay and difficulties involved in establishing a right to recovery

719542.1

in excess of that offered by this Agreement and the likelihood that the Litigation will be further protracted and expensive, with no guarantee of success.

5. **Opinion of Counsel.** Counsel for Mr. Gittin and the Class have investigated the facts available to them and the applicable law. Based on the foregoing, and upon an analysis of the benefits, which this Agreement affords the class, counsel for Mr. Gittin and the Class consider it to be in the best interest of the Class to enter into this Agreement.

6. **Stipulation.** The parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4, to the extent, if any, that the CAFA is applicable. The parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

In consideration of the foregoing and other good and valuable consideration, Mr. Gittin, Counsel for the Class, and KCI stipulate and agree that the claim of Mr. Gittin and the Class against KCI in this Litigation should be compromised and

719542.1

settled, subject to the approval of the Court, upon the following terms and conditions:

7. **No Admission.** While KCI denies any and all liability in the Litigation, the parties have agreed to settle this Litigation pursuant to this Agreement without trial or adjudication of any issue of fact or law. This Agreement and the exhibits hereto, shall not constitute any evidence against or any admission by any party with respect to any issue raised in this Litigation.

## TERMS

8. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the Class and dismissing the claims of Mr. Gittin and the Class against the Released Parties as defined in Paragraph 11 with prejudice; and (2) the expiration of fifteen (15) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of fifteen (15) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

719542.1

9. **Class.** The parties stipulate to the certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only, that consists of the following: The class consists of, (a) all persons with addresses in California, (b) who were sent letters from Defendant in the form of Exhibit 1 to the Plaintiff's complaint, (c) regarding an alleged obligation incurred for personal, family, or household purposes, (d) during the one year prior to filing of Plaintiff's complaint, (e) which letter was not returned by U.S. Post Office as undeliverable, and (f) who did not have civil court proceedings initiated against them by Defendant.

Mr. Gittin and KCI agree for purposes of settlement only that there are approximately 1655 members of the class as defined above including Mr. Gittin. The identities of the class members were obtained through a search of KCI's records for the relevant time period. The parties stipulate that Mr. Gittin shall be appointed as class representative. Ronald Wilcox and O. Randolph Bragg shall be appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

10. **Relief to the Class.**

   a. KCI USA shall pay $4,000.00 to Mr. Gittin for statutory damages under the RFDCPA and for his service as class representative.

   b. KCI shall pay the class a total of $142,500 to be divided equally among its members as their RFDCPA statutory damages

719542.1

c. Any undistributed funds will be awarded as a cy pres remedy to the Santa Clara University Alexander Community Law Center.

d. Class Notice as approved by the Court shall be sent by first class U.S. Mail to the class members under the supervision of counsel. Defendant shall bear the cost and expense of class notice and administration. Mechanics of Class Notice and the involvement of third party vendor(s) to coordinate Class Notice shall be negotiated by counsel, subject to Court approval.

e. Within 20 days of the Effective Date, KCI shall make all payments set forth in this Agreement, with the exception of the payment of uncashed or unclaimed funds which shall be paid to the Santa Clara University Alexander Community Law Center as described in Paragraph 10(c) above. Payments to class members shall be made by check, payable to each class member, delivered by first class mail to the addresses indicated in KCI's records as updated through the National Change of Address ("NCOA") system.

11. **Press Releases.**

Plaintiff and his counsel will not issue any press release regarding this settlement.

719542.1

12. **Release and Released Parties.**

Mr. Gittin and each class member, their assigns, heirs, successors, and personal representatives, not opting out as of the opt-out deadline set by the Court (the "Releasing Parties") hereby release and discharge KCI, and its past, present and future parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, beneficiaries, divisions, administrators, insurers, and assigns (the "Released Parties"), from any and all claims, in law or equity, whether known or unknown, that were or that could have been asserted in this Litigation from <u>December 14, 2008</u> through the Opt-Out date as set by the Court ("Released Claims"). The Releasing Parties further hereby expressly waive and relinquish any and all rights and benefits which they may otherwise have pursuant to California Civil Code Section 1542, which provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

This release is conditioned upon the final approval of the Agreement by the Court and KCI's compliance with its obligations herein.

13. **Dismissal of Lawsuit.** If the Court grants final approval of the Agreement, the Litigation shall promptly be dismissed with prejudice pursuant to the Court's Order. The Court shall retain jurisdiction to enforce this settlement.

14. **Collectability of Class Member's Debts.** Nothing herein shall prevent KCI or anyone else from continuing to attempt to collect the debts allegedly owed by the class members.

15. **Agreement Conditioned Upon Court Approval.** If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16. **Attorney's Fees, Notice Costs and Related Matters.** KCI agrees Plaintiff is the prevailing party and shall pay Plaintiff's counsel costs, expenses and reasonable attorneys' fees, subject to Court approval, as provided in Civil Code Section 1788.30(c), which provides in part:

"Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." Plaintiff and KCI shall make good faith efforts to negotiate Plaintiff's claim to attorney fees. In the event the negotiations are unsuccessful, Plaintiff's counsel will make application to the Court within fourteen (14) days of entry of the Final

Order by the Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Payment to Plaintiffs' counsel is separate from and will not be taken from any part of the payments to the class members.

KCI will bear the costs and expenses of notice and settlement administration.

17. **Notice.** As directed by the Court counsel will cause notice to be provided to the Class by first class U.S. Mail. Within 30 days of entry of Preliminary Approval Order, notice shall be sent, as approved by the Court to be sent to the last known residence addresses of the class members, according to KCI's records. Before mailing notice to the class, the names and address of the class members shall be screened through the National Change of Address ("NCOA") system. Mechanics of Class Notice and the involvement of third party vendor(s) to coordinate Class Notice shall be negotiated by counsel, subject to Court approval.

18. **Preliminary Approval.** As soon as practicable after execution of the Agreement, the parties shall make application to the Court for an order which:

    a.    Preliminarily approves this Agreement;

    b.    Certifies the Class, as defined in Paragraph 29 of the Complaint, for settlement purposes;

719542.1

c.  Appoints Lance Gittin as class representative and Ronald Wilcox and O. Randolph Bragg as class counsel.

d.  Schedules a hearing for final approval of the Agreement by the Court.

The parties agree to request the form of class notice attached hereto as Exhibit A and propose the form of preliminary approval order attached hereto as Exhibit B. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

19. **Final Approval.** At the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness and adequacy of the Agreement, the parties shall request that the Court enter a Final Order approving the terms of the Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiff and the Class with prejudice and without costs, and finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1711 et. seq. The parties agree to request the form of final order attached hereto as Exhibit C. The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

719542.1

20. **Release of Attorney's Lien.** In consideration of this Agreement and upon receipt of payment and upon receipt of payment of the amount approved by the Court, Mr. Gittin's counsel shall waive, discharge and release the "Released Parties" as defined in Paragraph 11 above of and from any and all claims for attorney's fees, by lien [if any] or otherwise, for legal services rendered by Mr. Gittin's counsels, in connection with this case.

21. **Miscellaneous Provisions.** The parties and their attorneys hereto agree to cooperate fully with one another in seeking Court approval of the Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of KCI of any liability or wrongdoing whatsoever.

KCI shall have no liability to Mr. Gittin or any class member for any tax consequences of the payments provided for in this Agreement.

22. **Objections, Appearances, and Opt-Outs.** Notice of a class member's right to object to the settlement, enter an appearance, and/or exclude themselves from the class in this Agreement shall be sent within thirty (30) days of the date of the Notices identified in Paragraph 17 above.

719542.1

Mechanics of Class Notice and the involvement of [a class administrator] to coordinate and send Class Notice and distribute funds to the class shall be negotiated by counsel, subject to Court approval. Each class member will be sent the Class Notice, approved by the Court, which describes the procedure to be excluded from the class, enter an appearance in this matter, and/or object to the settlement.

In the event more than fifty (50) class members opt out of this Agreement, KCI shall have the right to rescind this Agreement, and the Litigation shall be restored to its pre-settlement status.

23. **Entire Agreement.** The foregoing constitutes the entire agreement between the parties hereto with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

24. **Counterparts.** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

25. **Binding Agreement.** Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the class, and

719542.1

1 | any of their successors and personal representatives, and shall bind and shall insure
2 | to the benefit of the Released Parties, all of which persons and entities are intended
3 | to be beneficiaries of this Agreement.
4 |     26.    **Governing Law.**    This Agreement shall be governed by and
5 |
6 | interpreted in accordance with the law of the State of California.
7 |     IN WITNESS WHEREOF, the parties hereto, acting by and through their
8 | respective counsel of record, have so agreed, on January 20, 2011.
9 |
10 | _____
    Lance Gittin
11 |
12 | _____
    O. Randolph Bragg
    Horwitz, Horwitz & Associates
13 | 25 E Washington St., Ste 900
    Chicago, Il 60602
14 | (312) 372-8822 phone
    (312) 372-1673 Fax
15 |
16 |
17 | _____
    Ronald Wilcox, Esq.
    1900 Alameda, Suite 530
18 | San Jose, CA 95126
    Tel: (408) 296-0400
19 | Fax: (408) 296-0486
20 |
21 | [signature]
22 | KCI USA, INC.  VP - ERM
23 | [signature]
24 | Donald E. Bradley
25 |

719542.1

any of their successors and personal representatives, and shall bind and shall insure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

26. **Governing Law.**  This Agreement shall be governed by and interpreted in accordance with the law of the State of California.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on January 20, 2011.

_____
Lance Gittin

_____
O. Randolph Bragg
Horwitz, Horwitz & Associates
25 E Washington St., Ste 900
Chicago, Il 60602
(312) 372-8822 phone
(312) 372-1673 Fax

_____
Ronald Wilcox, Esq.
1900 Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

_____
KCI USA, INC.

_____
Donald E. Bradley

719542.1

any of their successors and personal representatives, and shall bind and shall insure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

26. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the law of the State of California.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on January 20, 2011.

_____
Lance Gittin

_____
O. Randolph Bragg
Horwitz, Horwitz & Associates
25 E Washington St., Ste 900
Chicago, Il 60602
(312) 372-8822 phone
(312) 372-1673 Fax


_____
Ronald Wilcox, Esq.
1900 Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486


_____
KCI USA, INC.

_____
Donald E. Bradley

719542.1