*E-filed 7/26/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LANCE GITTIN, *on behalf of himself and others similarly situated*,

   Plaintiff,

v.

KCI USA, Inc.,

   Defendant.
_____/

No. 09-CV-05843 RS

**FINAL APPROVAL ORDER AND JUDGMENT**

On December 14, 2009, Lance Gittin, individually and on behalf of a class, filed this action ("the Lawsuit"). The Lawsuit relates to the Defendant KCI USA, Inc.'s use of collection letters in the form of Exhibit 1 to the Complaint, which allegedly violate the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code 1788 et seq. ("RFDCPA"). KCI USA denied any and all liability asserted in the Lawsuit.

In an attempt to settle the Lawsuit, the parties participated in extensive settlement discussions. Two full-day mediation sessions were conducted on August 12 and September 24, 2010 before Court-appointed mediator Jonathan Schmidt. As the result, a settlement was reached September 24, 2010. The parties subsequently entered into a written Class Action Settlement Agreement ("Agreement") and on January 25, 2011 filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class

1 Action Settlement Agreement, and Notice to the Class. The Agreement is subject to
2 review under Fed. R. Civ. P. 23.

   On April 12, 2011, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs; (ii) appointed Gitten as the Class Representative; and, (iii) appointed O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel.

   On July 21, 2011, after the required class action notices were mailed, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the settling class members and should be approved by the Court.

   NOW, THEREFORE, IT IS HEREBY ORDERED:

   1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto, including all Class Members.

   2. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of all natural persons residing in California who meet the following criteria: (a) all persons with addresses in California, (b) who were sent letters from Defendant in the form of Exhibit 1 to the Plaintiff's complaint, (c) regarding an alleged obligation incurred for personal, family, or household purposes, (d) during the one year prior to filing of Plaintiff's complaint, (e) which letter was not returned by U.S. Post Office as undeliverable, and (f) who did not have civil court proceedings initiated against them by Defendant.

   3. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Lance Gittin as the Class Representative and O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel.

4. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

6. The notification provided for and given to the Class Members was in compliance with the Preliminary Approval Order, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice clearly advised the class members of their rights and protected the rights of absent class members.

7. The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, is approved and shall be consummated in accordance with the terms and provisions thereof. The material terms of the Agreement include, but are not limited to, the following:

    A. KCI USA must pay Mr. Gittin a total of $4,000 as statutory damages pursuant to the Rosenthal Act and as an incentive award;

   B. KCI USA must pay $142,500 to the Class to be divided on a pro rata basis among the class members who did not exclude themselves from the Class;

   C. KCI USA must pay as a cy pres award to Santa Clara Law School Legal Clinic for use in consumer representation and education funds from any settlement checks that are returned or remain uncashed within 120 days of this order.

   D. Gittin is the prevailing party in this matter. KCI USA shall pay Plaintiff's counsel costs, expenses and reasonable attorneys' fees, subject to Court approval, as provided in Civil Code Section 1788.30(c), which provides in part:

"Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor."

Plaintiff and KCI USA shall make good faith efforts to negotiate Plaintiff's claim to attorney fees. In the event the negotiations are unsuccessful, Plaintiff's counsel will make application to the Court within fourteen (14) days of entry of the Final Order by the Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

  8. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment. The release is contingent upon KCI USA's performance of its obligations as set forth in the Agreement.

  9. The Class Members were given an opportunity to object to the settlement or request exclusion from the settlement. No Class Members objected to the settlement. Zero (0) Class Members requested exclusion from the settlement.

  10. This Final Order and Judgment is binding on all Class Members who did not exclude themselves from the settlement.

11. Subject to payment of all amounts set forth in the Agreement by Defendant, including any award of costs, expenses, and reasonable attorneys fees to Plaintiff as the prevailing party pursuant to ¶ 7 D above, the Lawsuit is hereby dismissed with prejudice in all respects.

12. This Final Order and Judgment is not, and shall not be construed as, an admission by KCI USA of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby restrains and enjoins all persons who have appeared in these proceedings and any other person from taking any actions interfering or inconsistent with this Final Order and Judgment and the Agreement that the Court hereby approves.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, Agreement, class membership, and Final Order and Judgment.

IT IS SO ORDERED.

Dated: 7/22/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE